4745. BLOODWORTH *v.* MAYOR AND ALDERMEN OF MILLEDGEVILLE.

HILL, C. J. 1. Where one is on trial for a violation of a municipal ordinance making it an offense to have or keep on hand intoxicating liquors for the purpose of illegal sale, a statement made by the agent of an express company to a police officer, in the absence of the accused that a cask of beer addressed to a servant of the accused had been delivered by the express company's driver to the accused at his place of business, this statement of the express agent being hearsay, based upon a report made to him by the driver, the testimony of the police officer that this statement was made to him was improperly admitted as evidence against the accused.

2. On the trial of one accused of a violation of the ordinance referred to in the foregoing headnote, any evidence that the accused did not own the intoxicating liquor found in his place of business, or that it was there without his knowledge or consent, was relevant to his defense; and, therefore, testimony offered by the accused to prove that the intoxicating liquor found in his place of business was in fact bought by one of his employees for persons not connected with the place of business, and which tended to show also that the liquor was not in the actual possession of the accused, but was in the temporary possession of his employee, for the purpose of being delivered by the employee to those for whom he had bought it, was relevant and material, and should have been admitted.

3. The evidence not demanding the verdict of conviction, another trial should have been granted, because of the erroneous rulings in admitting and rejecting testimony, above noted.      *Judgment reversed.*

DECIDED APRIL 16, 1913.

Certiorari; from Baldwin superior court—Judge J. B. Park. February 1, 1913.

*Edward R. Hines,* for plaintiff in error. *Livingston Kenan,* contra.